SAMUEL G. REED, administrator, *vs.* HOME SAVINGS BANK.

Suffolk. March 31. — Aug. 19, 1879. COLT & AMES, JJ., absent.

The president of a savings bank executed a written agreement, by the terms of which the bank, in consideration of a certain sum paid by A. on account of interest due from B. on a mortgage loan upon an estate of which B. was the owner in fee, A. owning the furniture in the house on the estate, and that the taxes for the previous year should be paid by either A. or B., agreed to extend, at B.'s request, for five months, the time of payment of the interest about to become due on the loan. Before the expiration of the five months, the bank entered, and foreclosed the mortgage, and took possession of the estate for breach of condition. The taxes referred to in the agreement were not paid by A. or B., but were subsequently paid by the bank, under an agreement with B. *Held,* in an action against the bank by A. on the agreement, that, whether or not the bank was bound by the agreement, A. was not a party to it; and that he could not maintain an action upon it, nor recover back, under a count for money had and received, the amount paid by him.

CONTRACT by the administrator of G. E. W. Reed on the following agreement : " Boston, March 31, 1877. The Home Savings Bank, in consideration of thirteen hundred and ninety-one $\frac{25}{100}$ dollars paid by G. E. W. Reed, on account of interest due from Samuel G. Reed, and that the taxes for the year 1876 be paid by said G. E. W. Reed or Samuel G. Reed, the interest on the mortgage loan of seventy thousand dollars on the Deacon House and estate, which becomes due April 13, 1877, is hereby extended for five months at said Samuel G. Reed's request, said Reed agreeing to pay interest on the amount of interest due April 13, 1877. Henry Smith, President." The declaration also contained a count for money had and received. Trial in the Superior Court, before *Brigham,* C. J., who reported the case for the consideration of this court in substance as follows :

The defendant corporation held a mortgage from Samuel G. Reed, owner of the fee, upon real estate in Boston known as the Deacon House. The interest on the mortgage being overdue, on March 31, 1877, the written agreement declared on was made with G. E. W. Reed, the plaintiff's intestate, and owner of the furniture in the house on the mortgaged estate, who, in consideration of the agreement, paid the defendant the sum named in it. On June 28, 1877, the defendant entered and foreclosed the mortgage, and took possession of the estate for breach of condition.

In answer to interrogatories filed by the plaintiff, Henry Smith president of the defendant corporation, testified that neither the corporation nor the trustees ever passed any vote upon the subject, or took any action in regard to his making the contract declared on, either before or after he signed it; that he was not authorized to make the contract, unless presidents of savings banks could make such contracts by virtue of their office; and that the defendant never took any measures to ratify the agreement.

The plaintiff offered to show that his, intestate suffered great loss, by being obliged to remove his furniture from the house and sell it elsewhere; but the judge ruled that the contract sued on was not the contract of the corporation, and that the president, by virtue of his office, was not authorized to make the contract, and that the plaintiff could not maintain an action thereon.

The defendant, against the plaintiff's objection, put in evidence that, on September 10, 1877, the defendant paid the taxes due on the mortgage under an agreement of that date with S. G. Reed.

The plaintiff contended that if the agreement declared on was unauthorized and invalid, so that he could not maintain an action thereon, he was entitled to recover, under the count for money had and received, the money paid by his intestate for said agreement. But the judge ruled otherwise, and ordered a verdict for the defendant. If the plaintiff could maintain the action, the verdict was to be set aside and the case stand for trial; otherwise, judgment was to be entered on the verdict.

*F. S. Hesseltine*, for the plaintiff.

*C. R. Train*, for the defendant.

LORD, J. Instead of inquiring whether the president of the defendant bank had authority to make the written agreement declared upon, and whether such agreement was obligatory upon the defendant, it seems more appropriate to consider whether the plaintiff's intestate was a party to the agreement. It is very clear that he was not. Under that agreement, no obligation was assumed by him, and no promise was made to him. At the time the agreement was made, Samuel G. Reed was the owner of a valuable estate in Boston, upon which the defendant held a mortgage for a large amount. Interest on that mortgage was overdue and in arrear. The taxes for the year 1876, which Samuel G

Reed was bound to pay, were unpaid. A new instalment of interest was about to become due. The agreement was made March 31, 1877, and such interest was to become due April 13, 1877. In that condition of things, Samuel G. Reed requested of the defendant to extend the time of the payment of that interest for the term of five months from said 13th of April, he, the said Samuel G. Reed, agreeing to pay interest upon that interest during such extension. The agreement recites that the $1391.25 was paid by G. E. W. Reed; but it recites also that it was paid on account of interest due from Samuel G. Reed, and it was therefore as really a payment by Samuel G. Reed of his own indebtedness as if it had been made by his own hand instead of by the hand of G. E. W. Reed. In consideration of that payment, and upon the condition that the taxes for the year 1876 should be paid by G. E. W. Reed or Samuel G. Reed, (and it is not important to inquire whether the payment of money already due or the discharge of an obligation already existing is a consideration for any new promise,) at Samuel G. Reed's request, and upon his engagement to pay interest for the forbearance, the time for the payment of the interest was agreed to be extended five months. This agreement was an agreement with Samuel G. Reed, and with him alone. The plaintiff's intestate was no party to it, and consequently no action can be maintained by him upon it. It is therefore wholly immaterial, in this suit, whether the agreement is one by which the defendant corporation is bound.

It is contended that, because the bank took possession of the estate for the purpose of foreclosure before the expiration of the five months, the plaintiff has the right to recover of the defendant the money which he had thus paid, upon the count for money had and received. It is to be observed that no evidence was offered that the taxes of 1876 had been paid by either G. E. W. Reed or Samuel G. Reed; but, on the other hand, it does appear that the taxes for 1876 were not so paid, but were paid by the defendant. We do not, however, deem it necessary to consider whether, as between the defendant and Samuel G. Reed, there had been a breach of the agreement by either party; for the only question now before us is whether the money paid by G. E. W. Reed was paid under such circumstances that in equity and good conscience the defendant is not entitled to hold it.

There can be no doubt on this question. The money was paid with full knowledge of all the facts. It was paid to the defendant's own use, was paid in discharge of an actual indebtedness to the defendant, and was received by it in discharge of such indebtedness, and Samuel G. Reed has had the full benefit of the payment, which was made expressly upon his account. Under such circumstances, the law raises no implied promise to repay the money. If there were a collateral agreement between the defendant and the plaintiff's intestate, upon sufficient consideration, that the defendant would in any contingency repay the amount, or if, by reason of non-compliance with any such agreement, the defendant agreed to answer in damages to that amount, or to any other amount, no evidence of such collateral agreement was offered, and there is nothing in the case which tends to show that the money was not properly paid and properly received by the defendant on account of the indebtedness of Samuel G. Reed.

*Judgment on the verdict.*